## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ELDORADO TRAILER LEASING, LLC,**
         **Plaintiff,**

     v.                                                                                       Case No. 14-C-1199

**REEFERTEK, LLC,**
         **Defendant.**

---

## ORDER

Plaintiff Eldorado Trailer Leasing, LLC has filed a complaint in this court and asserts that federal jurisdiction exists under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. However, the complaint does not comply with Civil Local Rule 8, which provides as follows:

> If a pleading or notice of removal asserts jurisdiction based on diversity of citizenship, the pleading or notice must identify the amount in controversy and the citizenship of each party to the litigation. If any party is a corporation, the pleading or notice must identify both the state of incorporation and the state in which the corporation has its principal place of business. If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.

Both the plaintiff and the defendant are limited liability companies, yet the complaint does not identify the citizenship of the members of each LLC. See Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006) (citizenship of limited liability company is determined by the citizenship of its members). Instead, it identifies the state of organization and principal place of business of each LLC, which are facts that are irrelevant to determining the citizenship of each LLC.

Accordingly, before this action may proceed in this court, the plaintiff must amend its jurisdictional allegations and identify the citizenship of each of the members of the LLCs. The plaintiff should note that if any of the members of the LLCs are themselves unincorporated associations, LLCs, or partnerships, the complaint must also identify the citizenship of each of the members of the constituent organizations. See Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). The plaintiff should also note that the citizenship of any natural person who is a member of an LLC or other organization is determined by that person's domicile, not his or her residence. See, e.g., Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012).

Accordingly, **IT IS ORDERED** that, on or before **November 7, 2014**, the plaintiff shall amend his complaint by correcting the deficiencies in his jurisdictional allegations. If the plaintiff does not so amend his complaint by that time, I will dismiss this case for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2013.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge